# MARCH 19, 1941

## PETE ALLGOOD v. THE STATE.

No. 21370. Delivered January 15, 1941.
Rehearing Denied March 19, 1941.

328

The opinion states the case.

*Reynold M. Gardner,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for four years.

The State relied largely upon appellant's confession. Testifying in his own behalf, appellant repudiated the confession and stated, in effect, that he had been forced to make it. It was his version that from the time of his arrest during Friday morning until the following day he was not permitted to sleep and was subjected to constant questioning. He also testified that one of the officers struck him in an effort to force him to answer questions. The officers admitted that appellant was not permitted to sleep and that he was questioned constantly for the approximate period of time testified to by appellant. Also one of the officers admitted that he slapped appellant because he refused to answer some of his questions. In view of the testimony, the opinion is expressed that the court should have responded to appellant's request and instructed the jury to disregard the confession. Article 727, C. C. P., reads as follows:

"The confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of accused, taken before an examining court in accordance with law, or be made in writing and signed by him; which written statement shall show that he has been warned by the person to whom the same is made: First, that he

does not have to make any statement at all. Second, that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is therein made; or, unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. If the defendant is unable to write his name, and signs the statement by making his mark, such statement shall not be admitted in evidence, unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State's motion for rehearing in this cause primarily deals with the contention that the evidence of the confession was admitted without objection and that there is no valid bill of exception thereto. The appellant has filed a supplemental transcript curing the defect, if such it be, there pointed out and disclosing definitely that appellant submitted to the trial court a special requested charge withdrawing this evidence from the jury; that the trial court refused to give the charge and that appellant duly and timely excepted to such ruling.

In approving this bill the trial court states that no complaint was made of this action on appellant's motion for a new trial and that he did not consider the same in passing on the motion for new trial for the reason that he believed it to be waived and his motion predicated on other and entirely different grounds. It is not necessary to renew the complaint in the motion for a new trial. (Texas Jur. Vol. 4, p. 103, Sec. 69, and authorities there cited.) The requested charge sufficiently presents the matter to the trial court and it is properly before us for consideration.

Furthermore, it is not intended hereby to hold it was essential that the question be raised in just that manner. The state of the record was not overlooked in writing the original opinion. It appears very clear from the record that the confes-

sion was not a free and voluntary one. This court has dealt definitely with forced confessions. When it appears that a written confession is thus tainted it becomes the duty of the trial court and of this court to look cautiously into the status of the confession and deal with it in a positive manner. The Constitution and laws of the State of Texas are plain and well understood. Our conception and respect for the Constitution of the United States impels us to so view policies of procedure that we do not offend, "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." (Snyder v. Massachusetts, 291 U. S. 97, 78 L. ed. 674; Rogers v. Peck, 199 U. S. 425, 50 L. ed. 256.) No court has power to institute trial by ordeal. .

Chief Justice Hughes in Brown v. Mississippi, 297 U. S. 278, has said, "And the trial * * * is a mere pretense where the state authorities have contrived a conviction resting solely upon confessions obtained by violence * * *."

Holding that such conviction and sentence constitute a clear denial of due process, Chief Justice Hughes quotes from Fisher v. State, 145 Miss. 116; 110 So. 361, as follows:

" 'Coercing the supposed state's criminals into confessions and using such confessions so coerced from them against them in trials has been the curse of all countries. It was the chief iniquity, the crowning infamy of the Star Chamber, and the Inquisition, and other similar institutions. The constitution recogognized the evils that lay behind these practices and prohibited them in this country . . . The duty of maintaining constitutional rights of a person on trial for his life rises above mere rules of procedure and wherever the court is clearly satisfied that such violations exist, it will refuse to sanction such violations and will apply the corrective.' "

Following this, Mr. Hughes asserts:

"In the instant case, the trial court was fully advised by the undisputed evidence of the way in which the confessions had been procured. The trial court knew that there was no other evidence upon which conviction and sentence could be based. Yet it proceeded to permit conviction and to pronounce sentence. The conviction and sentence were void for want of essential elements of due process, and the proceeding thus vitiated could be challenged in any appropriate manner. Mooney v. Holohan, 294 U. S. 103, 79 L. ed. 791, 55 S. Ct. 340, 98 A. L. R. 406, supra. It was challenged before the Supreme Court of the State by the

express invocation of the Fourteenth Amendment. That court entertained the challenge, considered the federal question thus presented, but declined to enforce petitioners' constitutional right. The court thus denied a federal right fully established and specially set up and claimed and the judgment must be reversed."

While this court has not had occasion to announce that the question may be raised for the first time in the Court of Criminal Appeals, which is a court of review, we cannot close our eyes to the appropriateness of the expressions of Chief Justice Hughes in the Brown case as applied to the facts here before us, particularly as they appeared before the supplemental transcript was filed.

We find no merit in the State's contention and adhere to the view expressed in the original opinion that it was the duty of the trial court to exclude the confession from the consideration of the jury, without which it appears there was not sufficient testimony to support a conviction.

The motion for rehearing is overruled.

CONCURRING OPINION ON REHEARING.

HAWKINS, Presiding Judge.

GRAVES, Judge.

The original opinion disposed of the case correctly, proceeding on the theory that the question regarding the confession was raised in the trial court. The State's motion for rehearing points out that in the record then before us it did not appear that exception was reserved to the refusal of the trial court to give appellant's requested charge. On correction of the transcript it was shown that such exception was in fact reserved.

It is stated in the opinion on rehearing, "The requested charge sufficiently presents the matter to the trial court and it is properly before us for consideration." No further predicate is needed for our action in overruling the State's motion for rehearing, and general observations in the opinion on rehearing following the quoted statement are thought to be unnecessary to a decision of the question before us and purely dicta.

We agree to the reversal of the judgment and the overruling of the State's motion for rehearing on the ground that the con-

fession was not voluntary and that the issue was properly raised in the trial court.

Further than that we express no opinion. Other questions suggested in the opinion on rehearing will be considered when and if they arise.