**Richard APODACA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55586.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Oct. 31, 1979.

Rehearing En Banc Denied Dec. 5, 1979.

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Douglas Gelo, Asst. Dist. Atty., El Paso, and

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

W. C. DAVIS, Judge.

This is an appeal from a conviction for voluntary manslaughter. Appellant was indicted for murder, but the jury found him guilty of the lesser offense, and assessed his punishment at fifteen years in the Texas Department of Corrections.

The record reflects that in January of 1976, appellant was riding with John Lewis in Lewis' car. Lewis was driving. They confronted the deceased and an argument between Lewis and the deceased ensued. The deceased drove away in his truck and Lewis chased him. Lewis and appellant thereafter chased the truck on the highway at high rates of speed. At some times during the chase, appellant leaned out of Lewis' car and beat on the truck with a tire tool. Some time thereafter, Lewis' car hit the truck, knocking it into a guard rail. The deceased was killed in the crash and the truck subsequently caught fire and burned. Lewis and appellant drove away from the scene and agreed to "keep quiet" about what had occurred.

In his first ground of error, appellant contends that the trial court erred in its charge to the jury. Specifically, he contends that the charge, over his objection, failed to apply the law of parties to the facts. We agree.

V.T.C.A. Penal Code, Section 7.02, provides in part that:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

\*     \*     \*     \*     \*     \*

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or at-

tempts to aid the other person to commit the offense   .   .   ."

The State's theory of prosecution was that appellant was criminally responsible for the acts of Lewis in causing the wreck which killed the deceased.

The trial court charged the jury:

"A person is criminally responsible, as a principal, for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of an offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. In this connection, you are instructed that mere presence of a person at the time the offense is committed does not of itself constitute a person a principal: but, when a person is actually present, he must either by words or agreement encourage another in the commission of an offense. Such agreement must be prior to or contemporaneous with the criminal event."[1]

In applying the law to the facts of the instant case, the trial court charged the jury:

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that on or about January 12, 1976, in El Paso County, Texas, the Defendant, Richard Apodaca, as a principal, either (1) caused the death of Edward Figueroa, by driving a motor vehicle, to wit: an automobile, into and causing it to collide with a motor vehicle, to wit: a pickup truck, driven by the said Edward Figueroa, or (2) as a principal, intended to cause serious bodily injury and committed an act clearly dangerous to human life, to wit: drove a motor vehicle, to wit: an automobile, into and causing it to collide with a motor vehicle, to wit: a pickup truck, driven by the said Edward Figueroa that caused his death, you will in either of such cases find the said Defendant guilty of Murder as charged in the Indictment   .   .   ."

A similar charge was given on the lesser offense of voluntary manslaughter:

1. In its charge, the trial court substituted the term "principal" for the word "party" as defined in V.T.C.A. Penal Code, Section 7.01,

supra. This is the subject of another of appellant's grounds of error.

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that on or about January 12, 1976, in El Paso County, Texas, the Defendant, as a principal, acting under the immediate influence of sudden passion, arising from an adequate cause, intentionally or knowingly, either (1) caused the death of Edward Figueroa, by driving a motor vehicle, to wit: an automobile, into and causing it to collide with a motor vehicle, to wit: a pickup truck, driven by the said Edward Figueroa, or (2) intended to cause serious bodily injury, as a principal, and committed an act clearly dangerous to human life, to wit: drove a motor vehicle, to wit: an automobile, into and causing it to collide with a motor vehicle, to wit: a pcikup (sic) truck, driven by the said Edward Figueroa that caused his death, you will in either of such cases find the Defendant guilty of Voluntary Manslaughter."

■ Appellant properly and timely objected to the court's charge, and requested that the court charge the jury:

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that on or about January 12, 1976, in El Paso County, Texas, *John Lewis, either caused the death of Edward Figueroa* by driving a motor vehicle, to wit: an automobile, into and causing it to collide with a motor vehicle, to wit: a pickup truck driven by the said Edward Figueroa, *or John Lewis intended to cause serious bodily injury and committed an act clearly dangerous to human life*, to wit, drove a motor vehicle, to wit: an automobile into and causing it to collide with a motor vehicle, to wit: a pickup truck, driven by the said Edward Figueroa, that caused his death, *and if you further believe from the evidence beyond a reasonable doubt, that on or about January 12, 1976, in El Paso County, Texas, the Defendant, Richard Apodaca, as a party, solicited, encouraged, directed, aided or attempted to aid the said John Lewis in the foregoing action,* you will find the said Richard Apodaca guilty of Murder as charged in the indictment . . ." (Emphasis added)

This same charge was requested as to each lesser included offense, including voluntary manslaughter of which appellant was convicted. We hold that the trial court erred in failing to apply the law of criminal responsibility to the facts herein, over appellant's objection. This requires a reversal of the cause; *Savant v. State*, 544 S.W.2d 408 (Tex.Cr.App.1978); *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr.App.1974); see *Oliver v. State*, 160 Tex.Cr.R. 222, 268 S.W.2d 467 (1954). No evidence in the instant case supported submission of the case on the theory that appellant was the primary actor. The State's theory of prosecution in the instant case was that the co-defendant, Lewis, as the driver of the car, was the principal actor and that appellant was guilty, if at all, as a party because he solicited, encouraged, directed, aided or attempted to aid the co-defendant, Lewis. Thus, the trial court erred in refusing appellant's request for a charge to so instruct the jury. *McCuin v. State*, supra; *Savant v. State*, supra.

■ In *Romo v. State*, 568 S.W.2d 298 (Tex.Cr.App.1978) (opinion on State's Motion for Rehearing), we were confronted with a similarly defective charge which also failed to apply the law of parties to the facts of the case. However, we held that since the defendant in that case had failed to object to the charge, he was not entitled to relief. We stated:

"In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case, but the failure to do so is not reversible error unless there is a timely and sufficient objection . . ."

Accord, *Bowers v. State*, 570 S.W.2d 929 (Tex.Cr.App.1978). These cases do not control the disposition of the instant case, because here, appellant made a timely and proper objection to the charge, and thus preserved error.

■ The State nevertheless contends that since the court charged the jury on the abstract law of parties (although reference was made to "principals" rather than "par-

ties"), and since the jury was instructed to find whether appellant caused the deceased's death "as a principal," this was sufficient. We do not agree. This reference to the law of parties, contained in the paragraph applying the law to the facts, was not sufficient to require the jury to find whether Lewis, the driver of the vehicle, caused the deceased's death and whether appellant was criminally responsible for those acts of Lewis. Nowhere in the charge is the jury required to find that Lewis committed any criminal acts, for which appellant could be held responsible, if at all, because of his encouragement, assistance, etc., of those acts.

Accordingly, the judgment is reversed and the cause remanded.