**Charles James RASMUSSEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59398.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 25, 1980.

Rehearing Denied Nov. 26, 1980.

---

Howard C. Rubin, Dallas, for appellant.

Henry M. Wade, Dist. Atty., T. Michael Sutton, Gerry Holden and John W. Booth, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for the State on rehearing.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

Rasmussen was convicted of delivery of marihuana. The court assessed punishment at five years.

The evidence, viewed in the light most favorable to the verdict, shows that two undercover Richardson police officers agreed to meet in a parking lot with appellant's younger brother to arrange a purchase of marihuana. The brother arrived in a car with appellant driving and a third person in the front passenger seat.

One officer was given a bag containing 1.06 ounces of marihuana by appellant's brother as a sample of the quality of a large amount of marihuana to be delivered later. The other officer engaged appellant in conversation about drugs.

When the officers asked about the quality of the marihuana, appellant, as well as his brother and their companion, vouched for its quality.

After a brief conversation, one of the officers noticed a Dallas police patrol car in the vicinity and alerted the others. Appellant said, "Let's get out of here," then, as the officer who had entered the back seat to deal with appellant's brother left the car, said, "We'll get back with you," and drove off.

■ The evidence is sufficient to support the verdict.

Appellant contends that the court erred in failing to include in its instructions an application of the law of parties to the facts after having granted appellant's requested instruction which included a paragraph applying the law of parties to the facts.

Appellant's requested jury instruction number 3, granted by the court, charged that:

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with the commission of the offense.

"Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he aids the other person to commit the offense.

"Therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant, CHARLES J. RASMUSSEN, either by his own conduct knowingly and intentionally delivered more than one fourth ounce of marijuana to M. L. FIFE on February ——, 1977 in Dallas County, Texas, or acting with intent to promote or assist the commission of the offense aided LEIF KJEHL RASMUSSEN to commit the offense charged, as defined above, and that the said LEIF KJEHL RASMUSSEN did on February ——, 1977 deliver more than one fourth ounce of marijuana to M. L. FIFE in Dallas County, Texas, you will find the Defendant guilty.

"If you do not so believe, or if you have a reasonable doubt thereof, you will find the Defendant not guilty."

The charge actually used by the court, however, did not apply the law of parties to the facts. In pertinent part, it instructed the jury as follows:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Charles James Rasmussen, did, in Dallas County, Texas, on or about the 11th day of February, 1977, knowingly or intentionally deliver to M. L. Fife marijuana in a quantity greater than one-fourth of an ounce, you will find the defendant guilty as charged in the indictment.

"If you do not believe, or if you have a reasonable doubt thereof, that, at the time and place alleged, the defendant knowingly or intentionally delivered marijuana to M. L. Fife, you will find the defendant not guilty.
" * * *

"All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

"Each party to an offense may be charged with the commission of the offense.

"Mere presence alone at the time and the place of the commission of an offense, if any was committed, does not constitute one criminally responsible as a party to the offense."

In *Apodaca v. State*, 589 S.W.2d 696 (Tex. Cr.App.1979), we held that, where a timely and proper objection was made to the charge's failure to apply the law of parties to the facts, and where no evidence supported submission of the case on the theory that the defendant was the primary actor, the failure of the court to apply the law of parties to the facts of the case was reversible error notwithstanding the fact that the court included in its instructions a charge in the abstract on the law of parties.

Like *Apodaca*, the instant case presents no support for submission on the theory

that appellant was the primary actor. Like the court in *Apodaca*, the court did charge in the abstract on the law of parties. Unlike the charge in *Apodaca*, the charge contains no reference whatever to appellant *as a party* in the paragraph applying the law to the facts. The rule of *Apodaca*, therefore, finds perhaps a stronger case for its application here.

◼ The State contends that appellant's failure to object to the charge after a portion of his requested instruction, already having been granted by the court, was omitted from the charge vitiates his complaint and requires us to apply the rule of *Romo v. State*, 568 S.W.2d 298 (Tex.Cr.App. 1978). In *Romo*, we held that absent a timely and sufficient objection to the failure of the court to apply the law of parties to the facts where such an application would be proper there is no reversible error.

Article 36.15, V.A.C.C.P., provides, in pertinent part, that

"... The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses.

"Any special requested charge which is granted shall be incorporated in the main charge and shall be treated as a part thereof, . . .

"When the defendant has leveled objections to the charge or has requested instructions or both, and the court thereafter modifies his charge and rewrites the same and in so doing does not respond to objections or requested charges, or any of them, then the objections or requested charges shall not be deemed to have been waived by the party making or requesting the same, but shall be deemed to

continue to have been urged by the party making or requesting the same unless the contrary is shown by the record; no exception by the defendant to the action of the court shall be necessary or required in order to preserve for review the error claimed in the charge."

The statutory language anticipates the State's position and refutes it. The promptly requested special charge preserved the error.

The judgment is reversed and remanded.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is from conviction for delivery of marihuana. Upon original submission the panel reversed and remanded because the jury charge failed to apply the law of parties to the facts as timely requested by appellant.[1]

◼ In its motion for rehearing the State asserts that "appellant was a primary actor in the commission of this offense and no charge on the law of parties was required." This contention is based upon the premise that appellant "constructively delivered" marihuana.

Art. 4476–15, Sec. 1.02(8), V.A.C.S., provides:

" 'Deliver' or 'delivery' means the actual or *constructive transfer* from one person to another of a controlled substance, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree." (Emphasis added).

Viewed in the light most favorable to the jury's verdict the evidence shows that an

---

1. In *Romo v. State*, 568 S.W.2d 298 (Tex.Cr. App.) we held:

"In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case, but the failure to do so is not reversible error unless there is a timely and sufficient objection to the court's charge or a specially requested charge is timely filed."

*Id.* at 303.

undercover police officer, M. L. Fife, made arrangements to meet Kjehl Rasmussen, appellant's brother, on the parking lot of a Dallas shopping center for the purpose of discussing a purchase of marihuana. Fife and his partner were waiting on the lot when a blue Ford Mustang automobile pulled up next to their car. Appellant was driving the Mustang, Kjehl Rasmussen was in the backseat, and a third male passenger was in the front seat. At appellant's suggestion the parties drove to another portion of the parking lot where Fife entered the backseat of the Mustang while the other officer squatted near the driver's door and conversed with appellant. Kjehl Rasmussen gave Fife a "baggie" containing 1.06 ounces of marihuana. Fife offered to pay for the marihuana, but Kjehl Rasmussen refused payment saying "we'll give it to you this time since you're going to make another purchase." Fife inquired as to the quality of the marihuana, and all three occupants of the Mustang indicated that it was "good stuff."

Fife's partner alerted the others that a Dallas police car had entered the parking lot. Appellant stated "Let's get out of here." All agreed and Fife got out of the car. As they were leaving appellant stated "We'll get back with you."

The meaning of the term "constructive transfer" as a method of delivery pursuant to Art. 4476–15, Sec. 1.02(8), V.A.C.S., appears to be a matter not previously addressed by this Court. The operative terminology of Sec. 1.02(8) is apparently derived from the Uniform Controlled Substances Act which provided the basis for the Texas Controlled Substances Act enacted in 1973. See *Santoscoy v. State*, 596 S.W.2d 896 (Tex.Cr.App.). Compare Texas Controlled Substances Act, Art. 4476–15, V.A.C.S., with Uniform Controlled Substances Act of 1970, 9 U.L.A. 195 (master ed. 1979). Appellate courts in several other jurisdictions with statutes based upon the Uniform Act have considered the meaning of "constructive transfer."

In *State v. Ellis*, 239 S.E.2d 670 (W.Va. 1977) the Supreme Court of Appeals of West Virginia stated:

"Appellant also challenges his conviction as a principal in the first degree because the evidence showed that Mr. Browning was the one who passed the marijuana to the undercover agent, received the $30.00, and passed the money to defendant. Mr. Browning testified that the marijuana belonged to appellant, and that Browning delivered it at appellant's direction.

"W.Va.Code, 60A–4–401(a) [1971] provides:

" 'Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver or possess with intent to manufacture or deliver, a controlled substance.'

"To 'deliver' as stated in this statute specifically includes 'constructive transfers' of a controlled substance. W.Va.Code, 60A–1–101(f) [1971]. *We interpret a 'constructive transfer' to be the transfer of a controlled substance either belonging to an individual or under his control by some other person or agency at the instance or direction of the individual accused of such constructive transfer.* Accordingly, under the State's evidence, the defendant could have been found guilty as a principal in the first degree." (Emphasis added).

In *State v. Guyott*, 195 Neb. 593, 239 N.W.2d 781 (Neb.1976) the defendant told an undercover officer that there were 400 "hits of speed" in the wastebasket in the girl's restroom. The officer retrieved the amphetamines and paid the agreed price to the defendant. Appealing his conviction, the defendant argued that the evidence was insufficient to show delivery. Rejecting this contention the Supreme Court of Nebraska stated:

"Section 28–4,115(13), R.S.Supp., 1974, defines delivery of a controlled substance as follows: 'Deliver or delivery shall mean the actual, *constructive*, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.' (Emphasis supplied).

"To sustain a conviction under section 28–4,125(1)(a), R.S.Supp.1974, it is not necessary for the State to show actual physical transfer of a controlled substance from the defendant. The statutory definition of delivery clearly encompasses more than actual, direct physical transfers. It includes constructive and indirect transfer as well. The evidence in this case was sufficient to show that the defendant constructively delivered a controlled substance to Officer Cramer."

In *State v. McHorse*, 85 N.M. 753, 517 P.2d 75 (N.M.Ct.App.1973) the Court of Appeals of New Mexico held: "Placing the controlled substance in the mail had the effect of turning the controlled substance over to an agent for delivery. This amounts to a constructive transfer...."

The common element of these cases is that prior to delivery the substance involved was directly or indirectly under the defendant's control. In the instant case appellant exercised no direct control over the marihuana such as would indicate that it belonged to him, nor does the evidence reflect that Kjehl Rasmussen was acting as appellant's agent or under his direction. The record before us does not support the State's contention that appellant's actions constituted constructive delivery so as to make him a primary party to the offense.

◼ The State also contends that any error of the trial court in failing to apply the law of parties to the facts was not properly preserved because appellant did not raise it in his motion for new trial. Art. 36.15, V.A.C.C.P., provides in pertinent part:

"... The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and *no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses.*" (Emphasis added).

In *Allgood v. State*, 141 Tex.Cr. 327, 148 S.W.2d 433 this Court stated that when the defendant's requested charge sufficiently presents the error complained of to the trial court, it is not necessary to renew the complaint in the motion for new trial in order to preserve the matter for appellate review. See *id.* 148 S.W.2d at 434 (on motion for rehearing). The applicable statutory provisions in effect when *Allgood* was decided were embodied in Arts. 659, 666 and 667, V.A.C.C.P. (1925):

"Art. 659. Requested special charges.—Before the court reads his charge to the jury, counsel on both sides shall have a reasonable time to present written instructions and ask that they be given to the jury. The court shall give or refuse these charges with or without modification, and certify thereto; and, when the court shall modify a charge it shall be done in writing and in such manner as to show clearly what the modification is. "...

"Art. 666. Review of charge on appeal.—Whenever it appears by the record in any criminal action upon appeal that any requirement of the eight preceding articles has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial.

"Art. 667. Bill of exceptions.—The defendant, by himself or counsel, may tender his bill of exceptions to any decision, opinion, order or charge of the court or other proceedings in the case; and the judge shall sign such bill of exceptions, under the rules prescribed in civil suits, in order that such decision, opinion, order or charge may be revised upon appeal."

The language quoted above from Art. 36.15, supra, in its present form was enacted in 1953. See 1953 Tex.Gen.Laws, ch. 171, at 485. The article was amended so that refusal of a defendant's special requested instruction would be sufficient to preserve any error without the necessity of

further exception or objection. Onion, *Special Commentary on Article 36.15, supra;* see Douglas, *Court's Charge, Submissions, Verdict and Punishment, Bills of Exception,* 29 Tex.B.J. 13 (1966). The reasoning expounded in *Allgood* would seem much stronger in view of the language of Art. 36.15, supra. Appellant's failure to raise this issue in his motion for new trial does not constitute a waiver. Requested Jury Instruction No. III was sufficient to preserve this error.

■ The State further submits that appellant expressly waived his objection concerning the failure of the charge to include an application of the law of parties to the facts. Immediately after closing, and before the court read the charge to the jury, appellant's counsel dictated an objection to the court's charge. The objection dictated related to the failure to charge upon a lesser included offense. Following dictation, the objection was overruled and the court inquired of defense counsel, "Do you have any *further* objections to the charge?" (Emphasis added). To this defense counsel responded, "No *further* objections." (Emphasis added). This dialogue does not constitute an express waiver of objections previously perfected in compliance with the provisions of Art. 36.15, V.A.C.C.P.

The State's motion for rehearing is denied.