**Alberto Ramon ANAYA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00140–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 5, 1984.

Shirley Ehrlich, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Edwin E. Springer, Edward J. Coffey, Edward F. Shaughnessy, III, Asst. Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for the offense of murder (repeater) in a jury trial with assessment of punishment by the court at fifty years' confinement in the Texas Department of Corrections.

The State's evidence was that on the evening in question, the appellant suggested to one Robert Martinez, "Let's go roll somebody." The victim, Felipe Macias, was seen coming down the street accompanied by a lady. Martinez said, "Let's rob him." Martinez hit Macias while the appellant held his arms behind him. A witness observed Martinez put his hand in his pocket, and when he removed his hand, a shot was heard. The appellant was standing by Martinez when the victim was shot. The appellant was then observed taking a watch off Macias's hand, and Robert Martinez was seen looking through the victim's pants pockets. Macias died from gunshot wounds to the abdomen.

The appellant contends that there was insufficient evidence to support a con-

viction for the offense of murder. If the law of parties to offenses and criminal responsibility for conduct of another were applied properly to the above facts, a conviction of the appellant could be upheld. The sufficiency point is overruled.

In his first ground of error, appellant alleges that the court erred in submitting the law of parties in the application paragraph of the charge because the charge does not properly apply the law to the facts of the case. After the court had prepared its proposed jury charge, it was submitted to the State and defense counsel. The State had made various requests thereto which the court acted upon, and then the following took place:

> MRS. EHRLICH: Your Honor, in the event that the Court is to include the area of criminal responsibility in the Court's charge, although we object to the Court including such, then we would ask the Court to please apply the facts of the case to the law with a proposed charge that would indicate "that unless and until you find beyond a reasonable doubt that Ramon Alberto Anaya, acting alone or with intent to promote or assist Roberto Martinez in the commission of the offense, by soliciting, encouraging, directing, aiding, or attempting to aid Roberto Martinez, then you will find Ramon Albert Anaya not guilty of the offense as charged."
>
> THE COURT: Let me see that proposed charge.
>
> MRS. EHRLICH: Your Honor, I have it handwritten and I don't know if the court can read my writing, but—
>
> THE COURT: All right. Read it over again.
>
> MRS. EHRLICH: All right. Can we have the court reporter read it or should I read it?
>
> THE COURT: Let the court reporter read it (whereupon, the court reporter read back the proposed charge).
>
> THE COURT: That will be refused.

The charge as submitted to the jury is quoted herewith in pertinent part:

3.

Our law provides a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or by both. Each party to an offense may be charged with commission of the offense.

Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

4.

Now if you find from the evidence beyond a reasonable doubt that on or about the 2nd day of December A.D., 1981, in Bexar County, Texas, the defendant, Alberto Ramon Anaya, either acting alone or together with another as a party, then and there intentionally or knowingly caused the death of an individual, Felipe Castro Macias, by shooting Felipe Castro Macias with a gun, then you will find the defendant guilty of murder.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt as to whether defendant either acting alone or together with another as a party, is guilty of murder, then you will acquit him, and say by your verdict not guilty.

The State concedes that the evidence did not support a submission of the case on the theory that the appellant was the primary actor. In *Romo v. State*, 568 S.W.2d 298 (Tex.Crim.App.1978) (opinion on State's motion for rehearing), the Court of Criminal Appeals stated:

> In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case, but the failure to do so is not reversible error

unless there is a timely and sufficient objection to the court's charge or a specially requested charge is timely filed. *Id.* at 303.

This rule was applied in *Jaycon v. State*, 651 S.W.2d 803 (Tex.Crim.App.1983) and *Apodaca v. State*, 589 S.W.2d 696 (Tex. Crim.App.1979). In each of those cases, the appellant made a timely objection and tendered a specially requested charge. Though the court charged the jury in each of those cases in language similar to that used in our present case, the judgment and conviction in each instance was reversed, and the causes were remanded because the charge did not correctly apply the law to the facts. The State contends that the rule in the cited cases does not apply here because the appellant's requested instruction was not as comprehensive as those found in *Apodaca* or *Jaycon.*

TEX.CODE CRIM.PROC.ANN. art. 36.-14 (Vernon Supp.1984) provides that before the charge is read to the jury:

> [T]he defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. ... The requirement that the objections to the court's charge be in writing will be complied with if the objections are dictated to the court reporter in the presence of the court and the state's counsel....

■ There is no specific requirement that an appellant submit a specially requested charge in order to preserve error. The requirement is that the objection be made to the court with sufficient specificity so that the matter being complained of is made apparent to the judge. A specially requested charge may be an appropriate vehicle to apprise the court of alleged errors in his proposed charge, but an objection in writing or dictated to the court reporter may accomplish the same purpose.

■ A correct charge under these facts should require the jury to find that the principal actor did commit the criminal acts charged, and that the appellant could be held responsible for these acts, if at all, because of his encouragement, assistance, etc., of those acts. *Apodaca, supra,* at 699. We believe that the objection/request of appellant's counsel adequately informed the trial court of the error in his proposed charge. The ground of error is therefore sustained. We hold that the trial court erred in failing to apply the law of criminal responsibility to the facts herein, over appellant's objection. This requires a reversal of the cause. *Apodaca, supra,* at 698. It is not necessary to discuss the other grounds of error.

The judgment is reversed and the cause is remanded to the trial court.

BUTTS, Justice, dissenting.

I respectfully dissent. This is a companion case to *Martinez v. State*, 675 S.W.2d 573 (Tex.App.1984). The proof failed to show which one of the two, Anaya or Martinez, shot the deceased. Although the witness testified she saw Martinez put his hand in his pocket, she could not say that he actually withdrew a gun from the pocket. She did not see which one had the gun or which one fired it. Further, neither accused testified that the other one was the shooter. The witness received threats not to reveal evidence against them.

It becomes at once apparent that a charge requiring the jury to find that Martinez was the primary actor who committed the shooting would not be necessary under these facts. In *Jaycon v. State*, 651 S.W.2d 803 (Tex.Crim.App.1983), refusal to give a "primary actor" party charge was error because the defendant, if guilty at all, was guilty as a party. In that case the defendant was absent from the room when the primary actor killed the deceased. His guilt, if any, rested on a finding that he was an "aider" only. In *Apodaca v. State*, 589 S.W.2d 696 (Tex.Crim.App.1979), the Court noted no evidence supported submission of the case on the theory that the defendant was the primary actor. In that case the State's theory of prosecution was that the co-defendant was the primary actor (driver of death car) and that the de-

**750**

fendant, if guilty at all, was guilty as a party. Therefore, that trial court erred in not giving the requested charge. The same rationale does not apply in the present case.

Appellant's requested charge does not specify that the jury *find* Martinez to be the principal actor. All the charge requests is the specific instruction for the jury to find that appellant *"acted alone* or with intent to promote or assist Martinez in the commission of the offense, by soliciting, encouraging, directing, aiding, or attempting to aid Martinez."* Appellant does not argue that if he is guilty at all it would be as a result of the *primary actor,* Martinez' action.

In this case the prosecution was unable to present a theory that either of the two, Martinez or Anaya, was the primary actor. The State's theory was they were both equally culpable. Testimony from the only eyewitness indicates both of them participated in beating the deceased and taking property from his body. Neither appeared less culpable than the other in their concerted actions. Under these circumstances it is impossible to say there was no evidence on which appellant could have been convicted as a party to the offense. The abstract definition given by the court contained these statutory words:

> ... [A] person is criminally responsible as a party to an offense if the offense is committed by his conduct, or by the conduct of another for which he is criminally responsible, *or by both.* Each party to an offense may be charged with commission of the offense.... [Emphasis added.]

Thus the term "party" applies to the conduct of persons acting together. It is not always necessary to designate one of them the "primary actor." I suggest that here appellant was shown to be a party to the offense because the conduct was committed "by both." In the application paragraph the court instructed the jury it must find appellant either acted alone or together with another as a party. This is substantially the same application charge requested by appellant except that Martinez' name was not spelled out and "party" was not defined specifically (aiding, encouraging, etc.). When the evidence is viewed in the light most favorable to the jury verdict, it is impossible to say the jury did not find that appellant either acted alone or together with another. I would hold the trial court did not err in refusing to submit the requested charge. Moreover, appellant did not request a *Jaycon* or *Romo* charge at all.