IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00190-CR

 

Roger Guy Russell,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-01884-CRF-361

 



ABATEMENT ORDER



 








          The State has filed a motion to abate this appeal to the
trial court for entry of written findings of fact and conclusions of law in
compliance with article 38.22, section 6 of the Code of Criminal Procedure. 
The motion is granted.  See Urias v. State, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004).

            The trial court shall, within thirty days after
the date of this Order: (1) make appropriate findings of fact and conclusions
of law; and (2) deliver those findings of fact and conclusions of law to the
trial court clerk.

          The trial court clerk shall: (1)
prepare a supplemental clerk’s record containing the findings of fact and
conclusions of law which the trial court renders or makes; and (2) file a
supplemental clerk’s record containing those findings and conclusions with the
Clerk of this Court within forty-five days after the date of this Order.

          The Appellant’s brief has already been
filed.  The Appellant will have twenty-one days after the date the supplemental
clerk’s record is filed to file an amended or supplemental brief.  The State’s
brief will be due thirty days after the Appellant files his amended or
supplemental brief.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal abated

Order issued and filed January
4, 2006

Do not publish






 jury on
the law of parties. An instruction on the law of parties is only
required when the defendant, if guilty, is guilty only as a party
and not as a primary actor. Rasmussen v. State, 608 S.W.2d 205,
210 (Tex. Crim. App. [Panel Op.] 1980) (on rehearing). Appellant
admitted in his confession that he reached into the boat and
removed a lifejacket. Under these facts, Appellant could have been
convicted as a primary actor of the offense charged, and an
instruction on the law of parties was not required. See id. 
Furthermore, he waived any error when he failed to object or
request the instruction. See Bowers v. State, 570 S.W.2d 929, 931
(Tex. Crim. App. [Panel Op.] 1978).
Point three is overruled. The judgment is affirmed.
 
                     BOB L. THOMAS
DO NOT PUBLISHChief Justice