PD-1661-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/27/2015 9:52:34 AM
Accepted 1/29/2015 2:12:15 PM
ABEL ACOSTA
CLERK

CAUSE NO. PD-1661-14

IN THE COURT OF CRIMINAL APPEALS
FOR THE
STATE OF TEXAS

MARCO POLO MEDINA-GONZALEZ, APPELLANT

V.

STATE OF TEXAS, APPELLEE

---

PETITION FOR DISCRETIONARY REVIEW
FROM THE 54th JUDICIAL DISTRICT COURT
MCLENNAN COUNTY, TEXAS
TRIAL COURT CASE NUMBER 2012-2077-D2
HON. MATT JOHNSON, JUDGE PRESIDING

AND IN THE TENTH COURT OF APPEALS FOR THE STATE OF
TEXAS
APPELLATE CAUSE NUMBER 10-13-394-CR

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

---

DENTON "Denny" B. LESSMAN
TX BAR NO. 24042474
100 N. 6TH STREET, STE. 702
WACO, TX, 76701
TELEPHONE: (254)776-4544
FACSIMILE: (254)776-4551
EMAIL DLESSMANATTY@AOL.COM
ATTORNEY FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

January 29, 2015

ABEL ACOSTA, CLERK

## *IDENTITY OF PARTIES AND COUNSEL*

| | |
|---|---|
| MARCO POLO MEDINA-GONZALEZ | APPELLANT |
| STATE OF TEXAS | APPELLEE |
| DENTON B. LESSMAN<br>100 N. 6TH STREET, STE. 702<br>WACO, TEXAS 76701 | APPELLATE & TRIAL ATTORNEY FOR APPELLANT |
| ABELINO REYNA<br>501 WASHINGTON AVE.<br>WACO, TEXAS 76701 | APPELLATE & TRIAL ATTORNEY FOR APPELLEE / CRIMINAL DISTRICT ATTORNEY FOR MCLENNAN COUNTY, TEXAS |

## *TABLE OF CONTENTS*

### *Contents*

IDENTITY OF PARTIES AND COUNSEL................................ 2

TABLE OF CONTENTS............................................. 2

TABLE OF AUTHORITIES......................................... 3

STATEMENT REGARDING ORAL ARGUMENT............................. 3

STATEMENT OF THE CASE........................................ 3

QUESTION PRESENTED FOR REVIEW................................ 5

REASONS FOR GRANTING REVIEW.................................. 5

ARGUMENT.................................................... 5

PRAYER...................................................... 9

2

CERTIFICATE OF COMPLIANCE................................... 10

APPENDIX.................................................... 11

## *TABLE OF AUTHORITIES*

**Cases**

Apodaca v. State, 589 S.W.2d 696 (Tex. Crim. App. 1979) .........................................................6

Dodd v. State, 2004 WL 1311220 at 3 (Tex. App.— Texarkana 2004, no pet.).............................8

Jaycon v. State, 651 S.W.2d 803 (Tex. Crim. App. 1983, en banc.).......................................5, 6

Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).........................................6

## *STATEMENT REGARDING ORAL ARGUMENT*

The Appellant, Marco Polo Medina-Gonzalez, respectfully requests the opportunity to present oral argument on this case and believes that oral argument will assist the Court in evaluating the merits of his issue.

## *STATEMENT OF THE CASE*

This case is an appeal from a jury trial in the 54TH District Court of McLennan County. The Appellant, Marco Polo Medina-Gonzalez (herein

"Medina"), was indicted for Aggravated Kidnapping, Ct. 1; Aggravated Robbery, Ct. 2; and Evading Arrest or Detention with Motor Vehicle, Ct. 3, on October 31, 2012. (C.R. I-5) A jury trial was conducted on October 28, 2013 through October 30, 2013. Medina entered a plea of "guilty" to count 3 and the jury returned a verdict of guilty on counts 1 & 2. The jury assessed punishment at 80 years on counts 1 & 2 and 10 years on count 3.

One issue was presented on appeal to the Honorable Tenth Court of Appeals and the Intermediate Court overruled said issue and affirmed Medina's conviction.

Medina now seeks review of the Intermediate Appellate Court's overruling of his presented issue.

### *STATEMENT OF PROCEDURAL HISTORY*

The Tenth Court of Appeals issued its opinion on November 20, 2014 and an extension was granted by this Honorable Court until January 21, 2015 for Medina to file this petition. No motion for rehearing was filed.

4

## *QUESTION PRESENTED FOR REVIEW*

The Tenth Court of Appeals erred in holding that the jury charge application paragraph correctly charged Medina both as a party and primary actor.

## *REASONS FOR GRANTING REVIEW*

Medina argues the Tenth Court of Appeals decided an important question of law in a way that conflicts with the applicable decisions from this Honorable Court and that this case presents a unique opportunity for this Honorable Court to consider an important question of state law.

## *ARGUMENT*

The Intermediate Appellate Court has incorrectly overruled Medina's issue that the Trial Court erred by charging him both as a primary actor and party when the evidence only supported charging Medina as a party.

Medina primarily relied upon this Honorable Court's holding in Jaycon v. State, 651 S.W.2d 803 (Tex. Crim. App. 1983, en banc.) to support his issue. In Jaycon, this Court gave an in depth discussion regarding the

5

requirements of charging the law of parties to the facts of the case. If the evidence that another did the act charged and the defendant's culpability depends upon proof of one of the four theories of parties' culpability set for the in Penal Code Section 7.02, the jury should not be permitted to consider whether the defendant is guilty as a principle actor. Jaycon at 807 discussing Apodaca v. State, 589 S.W.2d 696 (Tex. Crim. App. 1979).

The Intermediate Court held that Jaycon does not apply to this case because Jaycon was only charged as a primary actor to the offense and Medina was charged both as a primary actor and as a party.

Medina asserts that the Intermediate Court clearly erred in its holding.

In a trial, the guilty finding must be based upon the evidence admitted in the case and reasonable inferences therefrom. Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

6

The Intermediate Court found that there was some evidence that Medina was a primary actor: Specifically, it stated:

1. "Valdez testified that he thought the assailant with the rifle was Medina. That particular assailant held Valdez at gun point and forced him out of his car and then beat Valdez when he was told to open the safe and replied that he did not know the combination."

2. "Medina had been an assistant manager and knew where the alarm was and where the cash office was."

3. "When Medina was apprehended later, although he was not dressed in camouflage, he had numbers consistent with a combination in his wallet."

The three findings of the Intermediate Court are clearly and completely contrary to the evidence admitted at trial and are not a reasonable inference therefrom.

7

Specifically, it was conclusively established at trial that Medina was the driver of the getaway vehicle and was not one of the actors in camouflage that engaged with Valdez in the aggravated kidnapping or went into the grocery store where the aggravated robbery occurred. Exhibit #21(the police in car video) and the testimony of Officer Malone clearly establish this fact. (R.R. vol. 3, pgs. 71, 73-79).

Therefore, the speculation of Valdez in finding 1 above was completely refuted by this evidence and findings 2 and 3 above completely fail to establish the required elements of aggravated kidnapping or aggravated robbery. To establish Medina's guilt the State must clearly rely upon the acts of other individuals.

In contrast, Texas courts have held that a getaway driver can be responsible as a party. [See Dodd v. State, 2004 WL 1311220 at 3 (Tex. App.—Texarkana 2004, no pet.) for an excellent discussion on this point.]

The holding of the Intermediate Court of Appeals establishes a dangerous precedent that is contrary to the law pronounced by this Court and has resulted in a miscarriage of justice in this case and will continue to do so into the future.

## *PRAYER*

WHERFORE PREMISES CONSIDERED Medina prays that this Honorable Court will grant this petition and allow the issue to be completely presented to the Court. Medina further prays that after said presentation that the Court will sustain the issue raised herein, reverse the Judgment of the Honorable Tenth Court of Appeals and remand this case to the Trial Court for a new trial.

Respectfully Submitted,

Law Office of Denton B. Lessman
100 N. 6th Street, Ste. 702
Waco, Texas 76701
Tel:(254) 776-4544
Fax:(254) 776-4551

By: /s/ Denton Lessman
    Denton B. Lessman
    TX Bar No. 24042474
    Attorney for Medina

9

**CERTICATE OF SERVICE**

I hereby certify that a copy of Medina' Brief was served on the State Prosecuting Attorney and the Criminal District Attorney of McLennan County via email.

/s/ Denton Lessman
Denton B. Lessman

***CERTIFICATE OF COMPLIANCE***

I hereby certify in accordance with Rule 9.4(i)(3) that this entire document, including those excludable under Rule 9.4(i)(1), has a total of 1274 words and that this documents was produced using Microsoft Word 2010.

/s/ Denton Lessman
Denton B. Lessman

APPENDIX



IN THE
TENTH COURT OF APPEALS

No. 10-13-00394-CR

MARCO POLO MEDINA-GONZALEZ,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee


From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-2077-C2


MEMORANDUM OPINION


Marco Polo Medina-Gonzalez, Medina as he is referred to by his trial and appellate counsel, was convicted by a jury of the offenses of Aggravated Kidnapping, and Aggravated Robbery. TEX. PENAL CODE ANN. §§ 20.04; 29.03 (West 2011). He pled guilty to an additional charge of Evading Detention. TEX. PENAL CODE ANN. § 38.04 (West 2011). Medina was sentenced to 80 years in prison for aggravated kidnapping, 80 years in prison for aggravated robbery, and 10 years in prison for evading detention.

Because the trial court did not err in its charge to the jury, we affirm the trial court's judgments as to Count I and Count II.[1]

## BACKGROUND

Jose Ruben Valdez was closing the grocery store one night where he was an assistant manager. At a stop light on his way home, a vehicle stopped within inches of the back of Valdez's car. At the next stop light, the vehicle lightly bumped Valdez's car and then swerved around Valdez and came to a stop in front of Valdez. Two men in camouflage and masks exited the front and back passenger side of the vehicle. One, with a rifle, stuck the rifle in Valdez's face and ordered him out of the vehicle. That assailant grabbed Valdez by the hair, pulled him out of his car, and shoved him in the back seat. That assailant then got in the driver's seat of Valdez's car. The other assailant got in the back seat with Valdez and beat him in the head with a hand gun.

The group drove around for what seemed to be a long time and stopped at the grocery store where Valdez worked. He was removed from the car and told to unlock the store. Once the keys were retrieved from the car, Valdez opened the store and was guided to the alarm system to turn it off. He was then guided to the cash office and told to open the safe. When Valdez replied that he did not remember the combination, the assailant with the rifle started beating Valdez with the rifle. The other assailant

---

[1] Medina does not challenge the trial court's judgment as to Count III.

appeared and the scuffle subsequently stopped when the two suddenly looked up and then fled.

**CHARGE ERROR**

Medina argues in his sole issue that the trial court erred in charging him both as a party and as a primary actor for the offenses of aggravated kidnapping and aggravated robbery. It appears his complaint is that because the evidence supported a charge that Medina acted as a party but not as a principal because he contends he was only the driver, the charge was erroneous. As his sole support for his argument, Medina relies on the Court of Criminal Appeals opinion in *Jaycon v. State*. *Jaycon v. State*, 651 S.W.2d 803 (Tex. Crim. App. 1983). However, *Jaycon* does not stand for the proposition Medina asserts. In *Jaycon*, the defendant was charged **only** as a primary actor to a murder. The Court of Criminal Appeals held the charge was erroneous because there was no evidence that Jaycon was the primary actor. *Id*. at 808. Here, Medina was charged **both** as a primary actor and as a party. Thus, the holding in *Jaycon* does not apply to this case.

Further, a trial court is required to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented. *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004). In this case, there is some evidence that Medina was a primary actor. Valdez testified that he thought the assailant with the rifle was Medina. That particular assailant held Valdez at gun point and forced him out of his car and then beat

Valdez when he was told to open the safe and replied that he did not know the combination. Medina had been an assistant manager and knew where the alarm was and where the cash office was. When Medina was apprehended later, although he was not dressed in camouflage, he had numbers consistent with a combination in his wallet.

Accordingly, the trial court did not err in charging Medina as a primary actor *and* as a party to the offense. Medina's sole issue is overruled.

The trial court's judgments as to Count I and Count II are affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed November 20, 2014
Do not publish
[CRPM]

