STATE OF NEBRASKA, APPELLEE, v. DELBERT GUYOTT, ALSO KNOWN AS DALE, APPELLANT.
239 N. W. 2d 781

Filed March 11, 1976. No. 40302.

Walter J. Matejka, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The defendant was indicted for violation of section 28-4,125 (1)(a), R. S. Supp., 1974, which makes it "unlawful for any person knowingly or intentionally * * * (t)o manufacture, distribute, deliver, or dispense, a controlled substance." The defendant pled not guilty. The case was tried to a jury, and the defendant was found guilty. The District Court sentenced the defendant to a period of 1 to 3 years imprisonment in the Nebraska Penal and Correctional Complex and ordered him to pay the costs of prosecution. The defendant appeals. We affirm the judgment and sentence of the District Court.

As error it is alleged that the verdict was not supported by sufficient evidence. The evidence showed the following. Officer Cramer, an undercover officer for the Omaha Metro Area Narcotics squad, secured a position as a bouncer at an Omaha hotel lounge. The only person who knew he was with the police was the lounge's manager. The defendant was introduced to Cramer by the manager, who advised Cramer that the defendant had some "speed." Cramer and the defendant then stepped out into the hotel lobby. Cramer testified that the defendant told him that the narcotics Cramer wanted were in a wastebasket in the girls' restroom in the hotel. Cramer testified that the defendant told him there were 400 "hits" of "speed" in the restroom and that

Cramer could have them for $22 per 100 "hits." Cramer went to the restroom indicated and found, in a brown paper bag, in the wastebasket, approximately 400 tablets of suspected amphetamines wrapped in four plastic bags. After retrieving the paper bag, Cramer returned upstairs and gave the defendant $88.

An essential element for a conviction under section 28-4,125(1)(a), R. S. Supp., 1974, is that there be delivery of a controlled substance. The defendant argues that the evidence failed to show a delivery because the defendant did not actually physically transfer the controlled substance to Officer Cramer, but merely directed him to its exact location.

Section 28-4,115 (13), R. S. Supp., 1974, defines delivery of a controlled substance as follows: "Deliver or delivery shall mean the actual, *constructive,* or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." (Emphasis supplied.)

To sustain a conviction under section 28-4,125(1)(a), R. S. Supp., 1974, it is not necessary for the State to show actual physical transfer of a controlled substance from the defendant. The statutory definition of delivery clearly encompasses more than actual, direct physical transfers. It includes constructive and indirect transfer as well. The evidence in this case was sufficient to show that the defendant constructively delivered a controlled substance to Officer Cramer.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.