STATE OF NEBRASKA, APPELLEE, v. SAMMY HOWELL, APPELLANT.

246 N. W. 2d 479

Filed November 3, 1976. No. 40721.

Walter J. Matejka, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was convicted of three counts of delivering a controlled substance. The first count involved LSD. The other two counts involved marijuana. The defendant has appealed and contends the evidence was not sufficient to support the conviction; the trial court erred in receiving certain exhibits; and the trial court erred in failing to declare a mistrial.

All three counts involved the sale of a controlled substance to an undercover agent employed by the State. The first transaction took place on November 21, 1974. The agent testified he purchased two "lids" of marijuana from the defendant for $30. The agent gave the money

to the defendant and a short time later an accomplice, Kenny Rhodes, returned and delivered the marijuana to the agent.

The second transaction took place on November 23, 1974. On this occasion the defendant handed four capsules of LSD to Larry Alberts, an accomplice, who in turn delivered the capsules to the agent.

The third transaction took place on December 13, 1974, when the agent purchased a bag of marijuana for $20. On this occasion the defendant personally handed the marijuana to the agent.

After each transaction the agent delivered the controlled substance to a police officer who placed it in an evidence locker until it was delivered to the state laboratory for testing. After the tests were completed the controlled substance involved in each transaction was kept in a police evidence locker until the trial. The evidence as to identification and chain of possession was sufficient foundation to permit the exhibits to be received in evidence. See State v. Guetierrez, 187 Neb. 383, 191 N. W. 2d 164.

The evidence was also sufficient to permit the jury to find that the defendant participated in each transaction although in two instances the controlled substance was handed to the agent by an accomplice of the defendant. Such facts do not constitute a defense to a charge of delivery. The statute punishes both actual and constructive delivery whether or not there is an agency relationship. § 28-4,115 (13), R. R. S. 1943. See State v. Guyott, 195 Neb. 593, 239 N. W. 2d 781.

The third assignment of error relates to alleged misconduct of the county attorney. in closing argument. The argument was not recorded and there is no basis upon which the ruling of the trial court on the motion for a mistrial can now be reviewed in this court. Statements made in argument to which objection is made should be recorded by the court reporter. See, Peery v.

State, 165 Neb. 752, 87 N. W. 2d 378; Garska v. Harris, 172 Neb. 339, 109 N. W. 2d 529.

The judgment of the District Court is affirmed.

AFFIRMED.