Stephen Eugene ENDSLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0223–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1985.

Catherine Greene Burnett, Morrow & Burnett, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Elaine Bratton, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, WARREN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a conviction for delivery of LSD. After finding appellant guilty, the court found that he had been convicted of the prior felony conviction alleged and assessed punishment at 15 years confinement.

The sole issue for our determination is whether the evidence supports the conviction for the *actual* delivery of the LSD, as found by the trial court.

Viewing the evidence in the light most favorable to the verdict, we find that the following events occurred before appellant's arrest. Sometime before the date of the arrest on October 10, 1984, Pasadena Police Officer Stewart received information that appellant was selling drugs in Strawberry Park in Pasadena. Stewart began watching appellant at the park, and on the day of the arrest, he watched appellant and some Hispanic males through binoculars from a distance of about 200 feet.

He saw appellant and Frank Gonzales sitting at a picnic table, drinking from a bottle. Approximately 30 minutes later, he saw Troy Edenfield and two other men approach the table. Gonzales got up and went to meet Edenfield. They spoke briefly, and Gonzales signaled the appellant to join them. Edenfield took what appeared to be currency from his pocket, and counted out five bills. He handed them to Gonzales, who then handed them to appellant. Appellant put the money in his pocket and walked away. Gonzales returned to the picnic table where his companions were still sitting, and Edenfield and his companions

went to a table approximately 25 to 30 feet away.

Officer Stewart then called a back-up unit. Ten minutes later, appellant returned and walked to Edenfield's table. He removed a clear piece of plastic from his back pocket and laid it on top of Edenfield's table. Edenfield picked up the plastic package, examined it, and laid it down on the table. When appellant delivered the clear plastic package to Edenfield, one of the back-up officers, W.C. Dumas, arrested appellant and Edenfield. As the arresting officers approached the table, Officer Stewart, still watching through the binoculars, saw appellant sweep the plastic package off the table onto the ground. Stewart notified Dumas by radio, and Dumas retrieved the package.

Dumas testified that the contents of the package appeared to be LSD, and toxicologist Floyd McDonald testified that the package did indeed contain LSD.

■ Appellant testified that he took money from Edenfield, left, returned, and gave Edenfield a package which he claimed contained Marlboro cigarettes, and not drugs. Thus, it is undisputed that Edenfield gave appellant money, and that appellant gave Edenfield a package in return. The only question is whether the package appellant gave Edenfield contained LSD. Officer Stewart testified that he saw the transfer and that the package transferred was the same package whose contents later proved to be LSD, recovered by Officer Dumas. The evidence is sufficient to show a delivery of LSD by appellant to Edenfield, as alleged in the indictment.

■ Appellant claims that the evidence showing that he placed the package on the table, that Edenfield picked it up momentarily and replaced it on the table, and that appellant then knocked it off the table, is insufficient to show a completed transfer, and shows only possession by appellant. He reasons that even though Edenfield picked up the package, he immediately laid it back on the table under appellant's control, and appellant exercised

control over the package by knocking it to the ground. If we correctly understand appellant's contention, it is that the momentary possession of the LSD by Edenfield was insufficient possession to constitute a transfer or a delivery. Neither appellant's nor the State's cases cited to support or refute transfer are pertinent to our fact situation, and we have found no cases that aid in our consideration of it. However, section 1.02(8) of the Texas Controlled Substances Act defines delivery as "the actual ... transfer from one person to another of a controlled substance...." Tex.Rev.Civ. Stat.Ann. art. 4476–15, sec. 1.02(8) (Vernon 1976 and Supp.1985). The definition requires completed transfer, but requires no minimal length of time or mode of possession by the transferee. We hold that the transfer was completed as soon as Edenfield accepted the plastic package from appellant.

The judgment is affirmed.