Michael Anthony HEATH, Appellant,

v.

The STATE of Texas, State.

Nos. 2–88–304–CR, 2–88–305–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 11, 1989.

209

Wes Ball, Arlington, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, Loretta Stauffer, Rolando Garcia, and John Harding, Asst. Dist. Attys., Fort Worth, for the State.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

WEAVER, Chief Justice.

Michael Anthony Heath appeals from a judgment revoking his probation, and sentencing him to eight years confinement in the Texas Department of Corrections. In four points of error, he contends that the trial court abused its discretion in revoking his probation because: 1) the probation was void as a matter of law; 2) the State failed to prove he had made an "actual" delivery of a simulated controlled substance to an undercover police officer; 3) the State failed to prove that he did not report to the probation office; and 4) the State failed to rebut his affirmative defense of Heath's inability to pay court costs and probation fees. We affirm, because we find that the evidence is sufficient to support the trial court's decision to revoke Heath's probation.

On May 12, 1988, Heath pled guilty to two separate offenses: 1) burglary of a habitation, and 2) aggravated robbery. See TEX.PENAL CODE ANN. secs. 30.02 and 29.03 (Vernon 1989). He was assessed ten years probation for each, to run concurrently. The conditions of his probation were as follows: he was 1) to commit no other offenses; 2) to report to the Adult Probation Office each month; 3) to pay court costs each month; and 4) to pay probation fees each month. After these conditions were explained to Heath, he signed a document listing the terms and conditions of his probation.

The record reflects that Heath was involved in a new offense on July 20, 1988. Heath was approached by an undercover police officer while sitting on the porch of his aunt's beauty shop. The officer indicated he wanted to make a cocaine purchase. Heath and the officer proceeded to the side of the building, and Heath pulled out a number of plastic bags and placed them on the ground for the officer to see. The undercover officer then asked Heath if the items were in fact cocaine. Heath replied in the affirmative and told the officer to pick out two items. The officer did so, paid Heath $20, and then left. Laboratory tests later revealed that the substance sold to Officer Moore was in fact benzocaine, a simulated controlled substance. Heath was then arrested and subsequently charged with the delivery of a simulated controlled substance. *See* TEX.REV.CIV. STAT.ANN. art. 4476–15b, sec. 1(2) (Vernon Supp.1989). On August 23, 1988, the State filed a motion to revoke Heath's probation.

■ Heath contends in point of error number one that the trial court abused its discretion in revoking his probation because said probation was void as a matter of law (per the aggravated robbery offense only). Heath argues, per TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3g(a)(1)(D) (Vernon Supp.1989), that he was not eligible for probation for this offense and, therefore, that his probation is void as a matter of law. However, Heath failed to complain of this fact at the time his probation was assessed.

There is a split of authority in Texas as to the effect a "failure to complain at the time probation is assessed" may have on a defendant. The Houston Court of Appeals for the First District has held that an order of probation and subsequent order revoking probation are void if the probation is granted in violation of article 42.12, section 3g(a)(1)(C) (if defendant is found guilty of aggravated sexual assault, he is not eligible to receive a probated sentence). *Dougherty v. State*, 740 S.W.2d 516, 517 (Tex.App.— Houston [1st Dist.] 1987, no pet.). *Dougherty* cites *State ex rel. Vance v. Hatten*, 600 S.W.2d 828 (Tex.Crim.App.1980); *State ex rel. Curry v. Gray*, 599 S.W.2d 630 (Tex. Crim.App.1980); and *Ex parte McIver*, 586 S.W.2d 851 (Tex.Crim.App. [Panel Op.] 1979) for authority. However, none of the cases relied on in *Dougherty* provide an analogous fact situation. In *Vance*, the State, not the defendant, was complaining about the court's grant of probation. *Vance*, 600 S.W.2d at 829. Therefore, the defendant did not challenge the court's authority to grant such probation after having first accepted the benefits of the court's leniency. For this same reason, *Curry* and *Ex parte McIver* are not applicable. *Curry*, 599 S.W.2d at 631; *Ex parte McIver*, 586 S.W.2d at 852–53. More recently, it has been held that an appellant is barred from complaining on appeal about any defect in a court's probated sentence after he has accepted the benefits of a court's leniency. *Trcka v. State*, 744 S.W.2d 677 (Tex.App.—Austin 1988, pet. ref'd). We find the *Trcka* reasoning more sound. Thus, we overrule point of error number one.

■ Heath urges in point of error number two that the trial court abused its discretion in revoking his probation because the State's evidence was insufficient to support its charge of his making an "actual" delivery of a simulated controlled substance to an undercover officer, as alleged in the first paragraph of the motion to revoke probation. Heath asserts that he did not actually deliver anything to the officer, but that if a delivery did occur, it was at best a "constructive" delivery. Officer Moore testified that Heath put the items on the ground in front of him for the officer to see, and then told the officer to pick out two of them. Officer Moore picked up two items, paid Heath $20 and left the scene. Heath asserts that "actual" delivery occurs only when a person completely transfers the possession and control of a substance from himself to another. *Conaway v. State*, 738 S.W.2d 692, 695 (Tex.Crim.App.1987). However, *Conaway* can be distinguished from the case herein because the defendant in *Conaway* delivered the drugs to a third person who then handed them to a police officer. Heath's

situation does not involve a third party. The mere fact that the substance in Heath's possession was momentarily on the ground does not negate the fact that it went directly from Heath to Officer Moore. *See Nevarez v. State*, 767 S.W.2d 766 (Tex. Crim.App.1989); and *Endsley v. State*, 702 S.W.2d 307 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). Thus, we overrule point of error number two.

■ In point of error number three, Heath asserts that the trial court abused its discretion in revoking his probation because the State failed to prove that Heath failed to report to the probation office in June. Heath's first meeting with his probation officer occurred on May 18, and at that time, he was told that he had to make his next visit on June 15. The probation records show he failed to report to the probation officer that day, however, and he was sent a letter on June 30 telling him to contact the office. Heath denies that he failed to report to the probation office. He maintains that he went to the office in June, but his probation officer was not there. He testified that he called her afterwards, and they set up a new appointment time. The State's records, however, fail to show that Heath ever reported into the probation office during the entire month of June.

Heath points out that the conditions of his probation do not require that he report on any particular day of the month. However, per the conditions of his probation, Heath was aware that he had to report to the probation office at least once every month, and further, he was told to report specifically on June 15. Heath cites *Davis v. State*, 563 S.W.2d 264 (Tex.Crim.App. 1978) and *Hartsfield v. State*, 523 S.W.2d 683 (Tex.Crim.App.1975) to support his assertion. However, both cases are distinguishable in that the prosecution's evidence in each was insufficient to prove the probationer's failure to report, because the records of the probationer's report dates were not admitted at trial. In the case herein, the probation officer did have the records at trial which showed the absence of any report by Heath in June, and the fact that a letter was sent to him on June 30.

■ As an appellate court, we cannot substitute our judgment for the trial court's in the weighing of evidence, unless abuse can be found. The burden of proof in a revocation proceeding is by a preponderance of the evidence. *Martin v. State*, 623 S.W.2d 391, 393 (Tex.Crim.App. [Panel Op.] 1981). Where the sufficiency of the evidence to support the trial court's order is challenged, the evidence is viewed in a light most favorable to the trial court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App. [Panel Op.] 1980). We hold that sufficient evidence existed to support the State's assertion that Heath failed to report in June, and point of error number three is therefore overruled.

■ In Heath's last point of error, he asserts the trial court abused its discretion in revoking his probation based on his failure to pay court costs and probation fees, because the State did not rebut his affirmative defense of his inability to pay. He asserts that the State must prove that the probationer has the ability to pay and that non-payment was intentional. On the contrary, the State does not have the burden of proof to demonstrate that a probationer has the financial ability to make the probation payments he has failed to make. *Stanfield v. State*, 718 S.W.2d 734, 737 (Tex.Crim.App.1986) (opinion on reh'g). The burden to prove the inability to pay rests on the probationer. In the case herein, the trier of fact was not persuaded by Heath's explanations as to why he could not pay court costs and probation fees. Heath had agreed, per his initial probation hearing, to pay $5 a month in court costs, and $40 a month for probation fees. The record reflects he made no payment in June.

■ Appellate review of an order revoking probation is limited to a determination

of whether the trial court abused its discretion. *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Crim.App. [Panel Op.]), *appeal dism'd*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981). We have carefully reviewed the record and failed to find such abuse in this case. Thus, point of error number four is overruled.

The probation revocation judgment is affirmed.