**Harry Alois STOLZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1–96–00994–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 1997

John M. Barron, Jr., for Appellant.

Craig P. Lesser, Renne Ann Mueller, Brenham, for Appellee.

Before COHEN, WILSON and HEDGES, JJ.

## OPINION

COHEN, Justice.

In a nonjury trial, the trial judge found appellant guilty of delivery of less than one-fourth ounce of marihuana for remuneration, a Class A misdemeanor. Appellant was sentenced to 90 days in jail, probated for 180 days, and fined $1,000.

We Affirm.

## FACTS

On October 17, 1995, appellant delivered marihuana to Dennis Williams. Before the delivery, Williams met appellant at the back door of appellant's place of business whereupon both agreed that Williams would leave $20 under a rock on a nearby fence post in exchange for a bag of marihuana. Pursuant to the agreement, Williams placed $20 under a rock on a fence post 15 to 20 feet away from appellant's place of business. Williams waited at a distance of approximately 20 feet from the rock. While Williams watched, appellant walked from his store, removed the money, placed a bag of marihuana under the rock, and went back into the store. Two to three minutes later, Williams walked to the fence post and retrieved the bag of marihuana.

## Legal Sufficiency

■ In his sole point of error, appellant contends the evidence was legally insufficient. We follow the usual standard of review. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996).

There are three ways to deliver a controlled substance: (1) actual transfer, (2) constructive transfer, or (3) an offer to sell. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 1992); *Conaway v.*

*State*, 738 S.W.2d 692, 694 (Tex.Crim.App. 1987). Because the information alleged only one manner of delivery, that appellant "actually transferred" the marihuana to Williams,[1] the State had to prove that method. *Conaway*, 738 S.W.2d at 694.

■ An "actual transfer" occurs when a seller "transfers actual possession and control of a controlled substance to another person." *Thomas v. State*, 832 S.W.2d 47, 50 (Tex.Crim.App. 1992); *Heath v. State*, 778 S.W.2d 208, 210–11 (Tex.App.—Fort Worth 1989), *rev'd on other grounds*, 817 S.W.2d 335 (Tex.Crim.App. 1991). In *Heath*, the seller placed packets of contraband on the ground in front of the buyer for the buyer to choose from. *Id.* The court stated that "The mere fact that the [substance] was momentarily on the ground does not negate the fact that it went directly [to the buyer]." *Id.*

Here, appellant put marihuana on a fence post 20 feet from Williams while Williams watched. Two to three minutes later, Williams retrieved the marihuana. The fact that the marihuana was momentarily on the fence post does not negate the fact it went directly to Williams without an intervening agent.

■ Appellant contends he is entitled to an acquittal because a constructive rather than an actual transfer occurred. A "constructive delivery" occurs when a seller "transfers a controlled substance, either belonging to him or under his control, by some other person or means, at the direction of the seller." *Thomas*, 832 S.W.2d at 50; *Roberts v. State*, 866 S.W.2d 773, 778 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Appellant used no other person or means; he transferred marihuana to Williams himself. Thus, a constructive transfer did not occur.

In *Queen v. State*, however, the Texas Court of Criminal Appeals stated in dictum that:

A constructive transfer may take several forms: the actor may constructively transfer narcotics to the intended recipient by

1. The information alleged that appellant did "intentionally and knowingly deliver to Dennis Williams, marihuana of less than one-fourth of

an ounce by actually transferring said marihuana and the defendant received remuneration for said delivery."

entrusting the narcotics to an associate or the postal service for the delivery to the recipient, *or the actor may place the contraband in a particular location and then advise the recipient of the location so that the recipient can retrieve the narcotics.* 662 S.W.2d 338, 340 (Tex.Crim.App. 1983) (emphasis added) (holding indictment sufficient to notify defendant of form of delivery alleged). This hypothetical does not suggest a transfer by some "other person or means." The State argues the *Queen* dictum is distinguishable because appellant and Williams agreed to the terms and method of delivery *before* the placing of the contraband, while *Queen* proposes that the seller state the contraband's location *after* it has been placed. We see no important difference.

The State relies on three cases to establish an actual delivery occurred. In *Endsley v. State,* an actual transfer occurred when the seller took payment from the buyer and then placed contraband on a table in front of the buyer, who picked it up. 702 S.W.2d 307, 308 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd, Feb. 4, 1987). In *Nevarez v. State,* an actual delivery occurred when the seller slid the contraband across the bed of a truck to the buyer. 767 S.W.2d 766, 768 (Tex.Crim. App. 1989). In *Heath,* an actual delivery occurred when the seller placed several items of contraband on the ground in front of the buyer, who then selected two items. 778 S.W.2d at 210–11. Those cases differ a little from this one. Williams placed $20 under a rock on a fence post and watched from a distance of 20 feet as appellant appeared, removed Williams's money, placed a bag of marihuana on the same fence post, and returned to his store. In the cases above, the contraband was left in the immediate vicinity and in reach of the buyer, who immediately seized it in front of the seller.

The dictum in *Queen* almost exactly describes the facts of this case. Following *Queen* would require us to reverse and render a judgment of acquittal. We believe *Queen* is not controlling, however, because subsequent dictum has neutralized its impact. In *Daniels v. State,* the Court of Criminal Appeals further expanded the definition of "constructive transfer" as follows:

[A constructive transfer] only requires that when the State alleges constructive transfer to an alleged ultimate recipient, that the accused must have contemplated that his initial transfer would not be the final transaction in the chain of distribution. 754 S.W.2d 214, 221 (Tex.Crim.App.1988). We believe this language conflicts with the dictum in *Queen. Queen* envisioned only one transfer between the seller and the buyer. *Queen,* 662 S.W.2d at 340. *Daniels* requires the seller to contemplate subsequent transfers in order to effectuate a "constructive transfer" to an "ultimate recipient." *Daniels,* 754 S.W.2d at 221. We apply the rule as stated in *Daniels.* No subsequent transfers were contemplated by appellant here; thus, we hold that an actual rather than a constructive transfer occurred.

We overrule appellant's sole point of error.

We affirm the judgment.