In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-218 CR


____________________



REBECCA DEARING, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Court Cause No. 21,970






O P I N I O N



 After a jury convicted appellant Rebecca Dearing of delivery of a controlled
substance (cocaine), the trial court sentenced her to twenty-five years in the Texas
Department of Criminal Justice, Institutional Division, as a repeat offender. See Tex.
Health & Safety Code Ann. §§ 481.102, 481.112(a), (c) (Vernon Supp. 2001). 
Dearing appeals with three points of error. 


Background Facts


 John Catoe, an undercover investigator for the Deep East Texas Regional Narcotic
Trafficking Task Force, was working undercover on November 23, 1999, with two
confidential informants, Jerry Brookshire and Cathy Crawford. After deciding to attempt
a drug purchase from Rebecca Dearing, the three went to her house where Crawford
introduced Catoe to Dearing. When Crawford told Dearing they were looking for a
hundred dollars worth of crack cocaine, Dearing explained she did not have any narcotics
in the house and would have to "go get it." Catoe testified Dearing then went outside for
a few minutes. In the meantime, a white male, whom Catoe did not know, entered the
house and told Catoe that Dearing needed some money. Walking outside, Catoe observed
Dearing alone in her pickup. He testified as follows:

 So at that time I walked outside, and she was in the driver's side of the
truck, pulled almost like she was fixing to exit the driveway onto the road. 
I walked up, had a hundred dollar bill, went to hand it to her. She said, just
drop it in here. So I dropped it in her lap. And she pulled off and I went
back inside the residence. 


During the approximately ten minutes that Dearing was gone, Catoe waited inside the
house. There were two or three other people in the residence. When Dearing returned,
she entered the house and walked up to where Catoe and the two informants were standing. 
According to Catoe, Dearing declared that "it's out in the ashtray of the truck." Catoe
testified he then "walked out of the residence, went to the truck, opened the driver's door,
opened the ashtray, and there was a . . . clear cigarette package wrapper with five beige
colored rock-like substances in it, and I retrieved it from the ashtray." After putting the
"rocks" in his pocket, Catoe went back into the residence, announced "I've got it," and
then left in the undercover vehicle. Catoe acknowledged that after Dearing drove away,
she could have stopped and changed drivers without his knowing it. He also admitted he
did not see Dearing put the cocaine in the ashtray, and she did not give the cocaine to him
personally. He could not say who put the cocaine in the ashtray. Jerry Brookshire, one
of the confidential informants working on the case with Officer Catoe, testified to
essentially the same facts as did Catoe. 

 Dearing's defense at trial appears to have rested upon her alleged physical
limitations; she put on evidence that she was on crutches after having been in an accident
and was suffering with leg pain. The implication is that she was not physically capable of
handling such a transaction, and, therefore, she did not commit the offense. Other
evidence indicated Dearing was ambulatory, got into a pickup truck, drove off, and
returned to and entered the house. On appeal she does not raise the physical limitations
matter, but instead challenges the adequacy of the State's evidence on the issues of
possession and actual delivery. 



Analysis
 

 A person commits the offense of delivery of cocaine, a substance in Penalty Group
I, if she knowingly or intentionally delivers the controlled substance. See Tex. Health
& Safety Code Ann. § 481.112(a) (Vernon Supp. 2001). "Deliver" means "to transfer,
actually or constructively, to another a controlled substance . . . , regardless of whether
there is an agency relationship. . . ." Tex. Health & Safety Code Ann. § 481.002(8)
(Vernon Supp. 2001). The indictment charges Dearing with having intentionally and
knowingly delivered a controlled substance by actual transfer, and the jury charge reflects
an instruction, as well as an application paragraph, with similar content. There was no
jury charge on the law of parties. 

 In substance, Dearing's points of error on appeal challenge the legal and factual
sufficiency of the evidence; she claims there is no evidence, or in the alternative, 
insufficient evidence to support the element of "actual transfer" of the controlled
substance. In a legal sufficiency review, this court looks at all of the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In a factual
sufficiency review, we view all the evidence without the prism of "in the light most
favorable to the prosecution" and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). When, as here, we review a case
based on circumstantial evidence, the standard of review is the same as in a review of a
case with direct evidence. Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App.
1999). "Circumstantial evidence, by itself, may be enough to support the jury's verdict." 
Id. In conducting a legal and factual sufficiency review, we are mindful that the jury is
the exclusive judge of the credibility of the witnesses and of the weight to be given their
testimony. Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). 
Reconciliation of conflicts in the evidence is within the exclusive province of the jury. Id.

 Case law has defined "actual delivery" of a controlled substance as the complete
transfer of the "real possession" and control of the substance from one person to another. 
Conaway v. State, 738 S.W.2d 692, 695 (Tex. Crim. App. 1987). Dearing maintains that
before there can be actual transfer or delivery of the controlled substance, there must be
possession. Thus, she challenges possession, as well as "actual transfer," since neither of
the State's witnesses actually saw her with the cocaine. 

 To establish unlawful possession of a controlled substance, the State must prove
beyond a reasonable doubt that the defendant exercised care, custody, control, or
management over the substance and, in so doing, knew that it was contraband. See Tex.
Health & Safety Code Ann. §§ 481.002(38), 481.112(a) (Vernon Supp. 2001); King
v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). The State may prove knowing
possession by presenting evidence that affirmatively links the defendant to the controlled
substance. See Brown v. State, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). 

 In this case, there is no direct evidence establishing who put the cocaine in the
ashtray of Dearing's pickup. However, circumstantial evidence establishes sufficient
affirmative links between Dearing and the cocaine and thereby demonstrates her knowledge
of its presence. Catoe and Dearing made a deal for the purchase of cocaine; Catoe paid
her $100; she was alone in her pickup when she drove away to obtain the contraband; she
came back and told him "it's in the ashtray" of the vehicle. Catoe picked up the "rocks"
from the ashtray. Based on the combined and cumulative force of the circumstantial
evidence, the jury could have inferred that Dearing possessed the cocaine. 

 In addition to challenging possession, Dearing also contends the evidence is
insufficient to show an "actual transfer." In Heberling v. State, 834 S.W.2d 350, 354
(Tex. Crim. App. 1992), the Court held that "an actual transfer or delivery, as commonly
understood, contemplates the manual transfer of property from the transferor to the
transferee or to the transferee's agents or to someone identified in law with the transferee." 
(footnote omitted) (emphasis in original). The holding in Heberling was not, as here, in
the context of a delivery made by a transferor's placing the contraband in a specified
location and then telling the buyer where to pick it up; instead, the context in Heberling
was a "delivery" to an agent of law enforcement, rather than to an actual officer, and the
issue was whether delivery to the agent constituted actual transfer. The Court held it did. 

 Other cases have established that an actual transfer does not require that the seller
manually place contraband in the hands of the buyer. See Nevarez v. State, 767 S.W.2d
766, 768 (Tex. Crim. App. 1989); Warren v. State, 15 S.W.3d 168, 172 (Tex. App.--Texarkana 2000, no pet.); Rodriguez v. State, 970 S.W.2d 66, 69 (Tex. App.--Houston
[14th Dist.] 1998, pet. ref'd) (Delivery by actual transfer was effectuated by the defendant's
telling the undercover officer that the cocaine was in a shoe box.). Dearing does not
appear to take issue with the manual transfer issue; instead she contends that in order to
prove delivery by actual transfer, there must be "a continuous chain of observation of the
delivery, either by law enforcement or by its agent." She directs us to cases in which the
facts of the case show there was continuous observation of the delivery. (1) However, these
cases do not hold that a law enforcement officer or his agent must observe the whole
delivery process. 

 In Nevarez, the Court of Criminal Appeals stated as follows: "For some purposes,
a delivery is accomplished by nothing more than making a thing available to another,
placing it within his reach, notwithstanding there is no actual handing of the thing from
one person to another." Nevarez, 767 S.W.2d at 768 (quoting Daniels v. State, 754
S.W.2d 214, 220 (Tex. Crim. App. 1988)) (emphasis in Nevarez). Here, the evidence
shows there was an actual transfer of the cocaine by "nothing more than making" the
cocaine "available to" Catoe. See Warren, 15 S.W.3d at 169 (Actual transfer occurred
when defendant placed cocaine in another room and instructed undercover officer where
it was, and officer went into the other room and found it.). By representing she would get
the cocaine, accepting $100 in payment for it, driving off to get it, and returning and
telling Catoe it was in the ashtray, Dearing demonstrated through her conduct that she was
in control of the contraband and the transaction and that she effected the transfer.

 Viewing the evidence in the light most favorable to the prosecution, we conclude
that any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. Under a factual sufficiency review, we further conclude the jury's
finding appellant guilty of delivery of cocaine by actual transfer is not so contrary to the
overwhelming weight of evidence as to be clearly wrong and unjust. Appellant's three
points of error are overruled, and the judgment of the trial court is affirmed.

 AFFIRMED.

 PER CURIAM

Submitted on November 21, 2001

Opinion Delivered December 19, 2001

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. See Heberling v. State, 834 S.W.2d 350 (Tex. Crim. App. 1992); Marable v.
State, 990 S.W.2d 421 (Tex. App.--Texarkana 1999, pet. granted.).