Opinion issued on June 28, 2002 


 










In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00611-CR






RICHARD LANE KNIGHT, Appellant


V.


STATE OF TEXAS, Appellee






On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 822100






O P I N I O N

 A jury found appellant, Richard Lane Knight, guilty of delivery of a controlled
substance, namely, cocaine. After finding the enhancements true, the trial court
assessed punishment at 30 years confinement. In three points of error, appellant
complains: (1) the evidence is legally insufficient; (2) the trial court erroneously
charged the jury; and (3) trial counsel was ineffective. We affirm.

BACKGROUND

 In 1999, Christopher Erwin was charged with possession of a controlled
substance, namely, cocaine. In exchange for deferred adjudication, Erwin agreed to
cooperate with the Harris County District Attorney's Office and Houston Police
Officer R. Bradley "in the investigation of narcotics trafficking . . . of which he has
knowledge." Erwin thereafter contacted appellant and set up a narcotics transaction. 
Erwin told appellant that his cousin (1) wanted cocaine, marijuana, or LSD. Police
videotaped the transaction, which took place at Erwin's house. After delivering
approximately a kilogram of cocaine and a pound of marijuana, appellant was
arrested.

SUFFICIENCY OF THE EVIDENCE

 In point of error one, appellant complains the evidence is legally insufficient
to prove delivery of a controlled substance by actual delivery. We apply the usual
standard of review. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979). 

 The evidence shows that, after arriving at Erwin's house, appellant showed
Erwin his money. He then asked to see Erwin's money. Erwin explained that "his
cousin . . . was not going to let his money go," and appellant agreed to use his own
money to buy the narcotics, provided he was later reimbursed. Appellant then left
Erwin's house. Several hours later, appellant returned to Erwin's house. He removed
cocaine, marihuana, and a scale from his bag. Appellant placed the items on a table
for Officer Bradley and Erwin to see. As Officer Bradley handled and inspected the
narcotics, appellant explained to him that the narcotics had just come off the "banana
boat." Appellant then waited for his money. After appellant heard the sound of
someone approaching, he put the narcotics back in his bag. 

 A person commits the offense of delivery of a controlled substance if he
knowingly or intentionally delivers a controlled substance. (2) Tex. Health & Safety
Code Ann. § 481.112(a) (Vernon Supp. 2002); Cornejo v. State, 871 S.W.2d 752,
755 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd). Deliver means (1) actually
transferring, (2) constructively transferring, or (3) offering to sell a controlled
substance. Tex. Health & Safety Code Ann. § 481.002(8) (Vernon Supp. 2002);
Cornejo, 871 S.W.2d at 755. 

 The State charged appellant with all three methods of delivery: (1) actual
transfer to Officer Bradley; (2) constructive transfer to Officer Bradley; and (3) an
offer to sell to Officer Bradley. Prior to trial, the State abandoned the constructive
transfer and offer to sell paragraphs of the indictment and relied on the actual transfer
paragraph. The jury was charged on actual transfer. 

 An actual transfer occurs when, as in this case, a person transfers real
possession and control of a controlled substance to another person. Conaway v. State,
738 S.W.2d 692, 695 (Tex. Crim. App. 1987); Wartel v. State, 830 S.W.2d 757, 760
(Tex. App.--Houston [1st Dist.] 1992, pet. ref'd); Caraballo v. State, 706 S.W.2d
773, 774 (Tex. App.--Houston [14th Dist.] 1986, pet. ref'd). The evidence shows
appellant brought the narcotics to Erwin's house to give to Bradley in exchange for
money. Appellant placed the narcotics on a table, and Bradley handled and inspected
the narcotics. The narcotics passed from appellant's possession and control to Officer
Bradley's. See Caraballo, 706 S.W.2d. at 774.

 Appellant complains no actual transfer occurred because he "never received
any money for the cocaine." We are not persuaded by appellant's complaint because
the statute merely refers to a transfer of a controlled substance, not to the
consummation of the deal. Id. at 774. 

 Appellant also complains he "never parted with possession of the cocaine." He
contends that, had he transferred possession of the cocaine to Officer Bradley, "he
would not have been in a position to put it into his bag." Appellant's complaint is
similar to the defendant's argument in Endsley v. State, 702 S.W.2d 307, 308 (Tex.
App.--Houston [1st Dist.] 1985, pet. ref'd). In Endsley, the defendant claimed the
evidence that he placed LSD on the table, that the buyer picked it up momentarily and
put it back on the table, and that the defendant knocked the LSD off the table was
insufficient to show a completed transfer and showed only possession by the
defendant. Id. The defendant reasoned that, even though the buyer picked up the
LSD, he immediately laid it back on the table, under the defendant's control. Id. at
308-09. The defendant then exercised his control over the LSD by knocking it to the
ground. Id. This court took the defendant's argument to mean that "the momentary
possession of the LSD by [the buyer] was insufficient possession to constitute a
transfer or a delivery." Id. Noting the definition of actual transfer did not require a
"minimal length of time or mode of possession by the transferee," this court held the
transfer was completed as soon as the buyer accepted the package from defendant. 
Id. Like Endsley, the evidence that appellant in this case put the narcotics in his bag
is immaterial.

 Further, an actual transfer does not require that a seller manually place cocaine
in the hands of the buyer. See Nevarez v. State, 767 S.W.2d 766, 768 (Tex. Crim.
App. 1989) (holding delivery is accomplished by nothing more than making a thing
available to another and placing it within his reach, even though there is no actual
handling of the thing from one person to another); Rodriguez v. State, 970 S.W.2d 66,
69-70 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd) (holding evidence was
sufficient to show actual delivery where defendant made cocaine available to officer);
Wartel, 830 S.W.2d at 760-61 (holding defendant effected actual transfer because he
controlled transaction). 

 Viewing the evidence in the light most favorable to the verdict, we conclude
the evidence is legally sufficient to support appellant's conviction.

 We overrule point of error one.

JURY CHARGE

 In point of error two, appellant asserts the trial court erroneously charged the
jury regarding entrapment. 

 The trial court charged the jury on entrapment as follows:

 It is a defense to prosecution that the defendant engaged in the
conduct charged because he was induced to do so by a law enforcement
agent using persuasion or other means likely to cause persons to commit
the offense. Conduct merely affording a person an opportunity to
commit an offense does not constitute entrapment.


 The term 'Law Enforcement Agent' includes personnel of the
State and local law enforcement agencies as well as of the United States
and any person acting in accordance with instructions from such agents.


 Therefore, if you believe from the evidence beyond a reasonable
doubt that the defendant committed the offense as alleged, but you
further believe, or you have a reasonable doubt thereof, that he was
induced to do so by Christopher Erwin who was a law enforcement
agent, to-wit: an informant acting under specific instructions from
police agents to entrap the defendant by persuasion or other means
likely to cause persons to commit the offense, and that such conduct of
said Christopher Erwin did not merely afford the defendant an
opportunity to commit the offense, if any, you will find the defendant
not guilty. 


(Emphasis added.) Appellant objected, orally and in writing, that the charge
improperly limited his entrapment defense and appellant requested that the italicized
portion of the jury instruction be changed as follows: "an informant acting under
specific [in accordance with] instructions from police agents to entrap [induce] the
defendant by persuasion or other means likely to cause persons to commit the
offense." The trial court denied appellant's proposed change to the charge. A
comparison shows that appellant's requested change, and the charge actually given,
are substantially and materially the same. The trial court did not err. 

 We overrule point of error two.

INEFFECTIVE ASSISTANCE

 In point of error three, appellant complains trial counsel was ineffective
because he did not request an instruction on the defense of mistake of fact. 

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). See Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986);
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). 
Appellant must show (1) counsel's performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment, and (2) but for
counsel's error, the result of the proceedings would have been different. Gamble, 916
S.W.2d at 93. It is the defendant's burden to prove ineffective assistance of counsel. 
Id. The defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Id. A claim of ineffective
assistance of counsel must be firmly supported by the record. McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996). We will not make a finding of
ineffectiveness based on speculation. Gamble, 916 S.W.2d at 93.

 Section 8.02(a) of the Texas Penal Code provides that "[i]t is a defense to
prosecution that the actor through mistake formed a reasonable belief about a matter
of fact if his mistaken belief negated the kind of culpability required for the
commission of the offense. Tex. Pen. Code Ann. § 8.02(a) (Vernon 1994); White
v. State, 844 S.W.2d 929, 933 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). The
defense applies only when the actor's mistake affects the culpable mental state of the
offense. Thomas v. State, 855 S.W.2d 212, 214 (Tex. App.--Corpus Christi 1993,
no pet.). 

 A person commits the offense of delivery of a controlled substance if he
knowingly or intentionally delivers a controlled substance. Tex. Health & Safety
Code Ann. § 481.112(a); Cornejo, 871 S.W.2d at 755. To be entitled to an
instruction on mistake of fact, appellant must show he unknowingly or
unintentionally delivered a controlled substance. 

 Appellant contends he raised the defense by his testimony that "he participated
in a cocaine transaction, with the knowledge of someone whom he believed to be a
police officer, to help a friend 'work off a case' to fulfill the terms of a contract." 
This testimony, however, is not evidence that appellant unknowingly or
unintentionally delivered a controlled substance. See White, 844 S.W.2d at 933
(holding that, in prosecution for unauthorized use of motor vehicle, mistake of fact
defense was not raised by evidence; evidence defendant did not resist arrest and car
did not appear to be stolen was insufficient to show defendant did not know he was
operating car without owner's consent). It is undisputed that appellant knowing and
intentionally delivered the narcotics to Officer Bradley and Erwin. 

 At the motion for new trial hearing, trial counsel testified he did not request an
instruction on mistake of fact because appellant's belief was not erroneous. 
Appellant had testified that he knew he was dealing with a police officer. 

 Appellant has not overcome the presumption that, under the circumstances, his
counsel engaged in sound trial strategy. 

 Accordingly, we overrule point of error three.

CONCLUSION 

 We affirm the judgment.






 Margaret Garner Mirabal

 Justice



Panel consists of Justices Mirabal, Jennings, and Duggan. (3)

Do not publish. Tex. R. App. P. 47.
1. Officer Bradley went undercover as Erwin's cousin.
2. The jury was so charged.
3. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.